# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| TRISTYN DAKOTA LEE ROGERS, | CV 22-69-BU-BMM-JTJ |
| Petitioner, | |
| v. | **ORDER** |
| ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

This case comes before the Court on Petitioner Tristyn Dakota Lee Rogers's application for writ of habeas corpus. Rogers is a state prisoner proceeding pro se.

## I.  Preliminary Review

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief."  Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts.  A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review."  *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).  But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Note (1976), Rule 4, § 2254 Rules.

Rogers's claim is unexhausted, as explained below. The Court will dismiss his petition without prejudice.

## II. Exhaustion

Rogers is currently incarcerated at Dawson County Correctional Facility following two 2021 convictions in Gallatin County, Montana. *See* Montana Correctional Offender Network, https://app.mt.gov/conweb/Offender/31841/ (last accessed March 14, 2023). Rogers states that he was also convicted of possession of dangerous drugs and sentenced on July 16, 2019 to four years deferred. (Doc. 1 at 2-3.) Rogers pleaded guilty, did not appeal, did not seek relief at the Sentence Review Division, and has not filed a state petition for postconviction relief. (*Id.* at 3.) Rogers states that he was sentenced after having spent 164 days in jail, for which he was credited on the record, giving him an approximate discharge date of February 1, 2023. (*Id.* at 4.) Rogers asserts that he is not getting credit for the time served and that he would not be eligible for discharge until July 15, 2023. (*Id.* at 4.) He seeks credit for the 164 days served. (*Id*. at 7.)

Rogers challenges the manner in which the State of Montana has handled his sentence (or possibly revocation) under state law provisions. The Court may entertain a habeas corpus petition only if Rogers demonstrates that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[E]rrors of state

law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Rogers's current petition is not cognizable because he fails to identify a purported federal constitutional violation.

Rogers's petition suffers from other deficiencies. To the extent that Rogers could identify a cognizable federal claim, such claim is presently unexhausted. Rogers acknowledges he has not presented this claim to the state courts. He explains that he understood that, by pleading guilty, he had waived his right to appeal, and he was not aware of this sentencing issue until recently.

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must fulfill the following: 1) use the "remedies available," under § 2254(b)(1)(A) through the state's established procedures for appellate review; 2) describe "the federal legal theory on which his claim is based"; and 3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); *Picard*, 404 U.S. at 275; *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, *cert. denied*, 546 U.S. 818 (2005).

The state courts have not yet considered the claim Rogers attempts to advance. Rogers must present the same claim to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claim. *O'Sullivan*, 526 U.S. at 845. Rogers's failure to exhaust his available state court remedies prevents this Court from reviewing the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). The Court will DISMISS WITHOUT PREJUDICE Rogers's petition and allow Rogers to return to the Court when he fully exhausts the claim relative to his current custody.

**III.   Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Rogers has not made a substantial showing that he was deprived of a federal constitutional right. Reasonable jurists would find no basis to encourage further proceedings because Rogers's claim is not cognizable and his petition remains unexhausted. There are no close questions, and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Rogers's Petition (Doc. 1) is **DISMISSED** without prejudice

as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is **DENIED**.

DATED this 23rd day of March, 2023.